# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-0890*A*



ROBERT G. PELL, JR.

_____ , Plaintiff(s)

v.

CAPCO STEEL CORPORATION

_____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon _Richard J. Savage_

plaintiff's attorney, whose address is _156 Airport Road, Warwick, RI 02889_ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the _____ day of

_____ , in the year of our Lord two thousand _____ .

A true copy Attest:

_Michael Joseph Donovan_

Deputy Sheriff Suffolk County

Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

**EXHIBIT
A**

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF  SUFFOLK | DOCKET NO. _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| ROBERT G. PELL, JR. | CAPCO STEEL CORPORATION |

| Plaintiff Atty | RICHARD J. SAVAGE | Type Defendant's Attorney Name |
|---|---|---|

Address  156 AIRPORT ROAD

City  WARWICK   State  RI   Zip Code  02889

Tel.  +1 (401) 732-9500   BBO#  632,124

Defendant Atty _____

Address _____

City _____  State ___  Zip Code _____

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)        TRACK

**B22 Employment Discrimination - Fast Track**

IS THIS A JURY CASE?

◉ ] Yes   ○ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
### (Attach additional sheets as necessary)

A.  Documented medical expenses to date:
1. Total hospital expenses ............................................ $ _____
2. Total doctor expenses ............................................. $ _____
3. Total chiropractic expenses ....................................... $ _____
4. Total physical therapy expenses .................................. $ _____
5. Total other expenses (describe) ................................... $ _____
                                                    Subtotal  $ _____
B.  Documented lost wages and compensation to date ................ $ 160,000
C.  Documented property damages to date ........................... $ 0
D.  Reasonably anticipated future medical expenses ................ $ 0
E.  Reasonably anticipated lost wages and compensation to date .... $ 840,000
F.  Other documented items of damages (describe) emotional stress, lost of enjoyment of life, damage to reputation and attorneys fee ... $ 200,000+
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                         Total $ 1,200,000+

## CONTRACT CLAIMS
### (Attach additional sheets as necessary)
Provide a detailed description of claim(s):

|  |
|---|

TOTAL   $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

|  |
|---|

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date:  3/3/2011

A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK COUNTY, S.S.                    SUPERIOR COURT

| | |
|---|---|
| ROBERT G. PELL, JR.<br>**Plaintiff** | ) |
| | ) |
| | ) |
| vs. | )  **COMPLAINT** |
| | ) |
| | )  **C.A. No.** 11 - 0890 A |
| CAPCO STEEL CORPORATION, | ) |
| **Defendant** | ) |
| | ) |

*NATURE OF CASE*

1. This Complaint is filed by Robert G. Pell, Jr. ("Plaintiff"), against his former employer Capco Steel Corporation ("Defendant"). Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2. This action seeks declaratory and injunctive relief, attorney fees and other litigation expenses, other legal and equitable relief, including but not exclusively compensatory and punitive damages to remedy the unlawful age discrimination practices of Defendant that are in violation of Massachusetts General Laws (M.G.L.A.) Chapter 151B *et seq.* and the Age Discrimination in Employment Act (ADEA), of 1967, 29 U.S.C. §§ 621 *et seq.*

*JURISDICTION and VENUE*

3. This Court has jurisdiction over the Plaintiff's Massachusetts Fair Employment Practices Act claim pursuant to M.G.L.A. Chapter 151B § 9.

4. This Court has concurrent jurisdiction over Plaintiff's ADEA cause of action.

5. Pursuant to M.G.L.A. Chapter 151B § 9, venue is proper in this Court. The unlawful employment practices occurred where Defendant was conducting business and where Plaintiff was physically working, Boston, MA, which is located in Suffolk County.

## PARTIES

6. Plaintiff, Robert G. Pell, Jr. was a resident of the Attleboro, MA at the time of the illegal employment practices alleged in this complaint and continues to reside in Attleboro, MA. Plaintiff was an employee of Capco Steel Corporation within the meaning of M.G.L.A. chapter 151B § 1 and within the meaning of the ADEA.

7. Defendant, Capco Steel Corporation, is a Rhode Island corporation and their corporate Defendant is authorized to conduct business in the Commonwealth of Massachusetts, and it employs more than twenty persons in Massachusetts. It is a private corporation organized for profit, and thus Defendant is an employer within M.G.L.A. Chapter 151B § 1 and the ADEA.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff co-filed a charge of age discrimination against the Defendant with the Massachusetts Commission Against Discrimination (MCAD) and the Equal Employment Opportunity Commission (EEOC) on or about August 6, 2010 complaining of the acts of age discrimination herein alleged.

9. Since Plaintiff's charge was filed with the MCAD for more than 90 days before it was filed with this Court, and this action was filed within 3 years of the last discriminatory event, Plaintiff has properly exhausted his administrative remedies.

10. Since Plaintiff's charge was filed with the EEOC for more than 180 days, and the charge was already removed from the MCAD, on February 23, 2011, the EEOC

issued Plaintiff a right to sue notice.  This complaint is being filed within 90 days of
Plaintiff's receipt of the right to sue notice.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11. Plaintiff is union iron worker.

12. Plaintiff was employed by Defendant from in or around 2000 until he was terminated
    on January 25, 2010.

13. For most, if not all of Plaintiff's time at Defendant, Plaintiff was employed as a
    General Foreman.

14. Depending on the job Defendant was working on, Plaintiff would supervise anywhere
    from 9 to over 100 persons.

15. Plaintiff always performed his job satisfactorily for Defendant.

16. On January 22, 2010, Plaintiff was contacted by Christopher Carey, the Project
    Manager for Defendant at the site he was assigned to, and was told that he needed to
    hire 2 more females to work on the site he was assigned to.

17. Plaintiff told Mr. Carey that he did not have any work for additional employees.

18. On January 23, 2010, Plaintiff contacted the owner of Defendant, Michael Caparco,
    and informed him that he did not need any more employees, and he told Plaintiff not
    to hire any more employees.  Therefore, Plaintiff did not hire any additional
    employees.

19. On January 25, 2010, Plaintiff was terminated by Mr. Caparco who stated he was
    "very disappointed because of the hiring thing."

20. Plaintiff did not understand why he was terminated since he did not hire any
    additional employees and that was what Mr. Caparco agreed to.

3

21. It is Plaintiff's information and belief that Defendant was downsizing and needed to lay off some employees.

22. It is Plaintiff's further information and belief that Defendant created a scenario in that no matter what decision he made, he would have been terminated.

23. It is Plaintiff's information and belief that he would have been terminated had he hired the additional workers since Mr. Caparco had told him not to, and that he would have been terminated, as he was, for not hiring the additional employees as instructed to by Mr. Carey.

24. It is Plaintiff's information and belief the above reason for terminating him was a pretext for the real reason, which was age discrimination.

25. Plaintiff was replaced in his position by two persons who were both in their 30s and had been employed by Defendant in Rhode Island.

26. It is Plaintiff's information and belief that Defendant wanted to retain its younger employees and decided to terminate Plaintiff to enable them to keep the younger employees.

*FIRST AND SECOND CAUSES OF ACTION*

Massachusetts General Laws Chapter 151B, and
ADEA

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 26 of this Complaint with the same force and effect as if set forth herein.

28. The allegations above make clear that Defendant discriminated against Plaintiff by subjecting him to unequal terms and conditions of employment and terminating him on the basis of his age, in violation Massachusetts General Laws Chapter 151B and the ADEA.

4

29. Plaintiff suffered, is now suffering, and will continue to suffer emotional damages, loss of enjoyment of life, damage to his business and professional reputation, other emotional damages, loss of pay and benefits and other economic injury and other damages, as the result of having been intentionally discriminated against by Defendant on the basis of his age, unless and until this Court grants relief.

*PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment:

a.  Declaring that the acts and practices complained of herein are in violation the Massachusetts Fair Employment Practices Act and the ADEA;

b.  Enjoining and permanently restraining the Defendant from further violations of the Massachusetts Fair Employment Practices Act and the ADEA;

c.  Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to effect Plaintiff's employment opportunities;

d.  Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages, and employee benefits, and liquidated damages in the form of double back pay under the ADEA;

e.  Awarding the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses to be determined by a jury pursuant to the Massachusetts Fair Employment Practices Act, M.G.L.A. Chapter 151B § 9.

f.  Awarding the Plaintiff punitive damages for Defendant's intentional violations of the

Massachusetts Fair Employment Practices Act, M.G.L.A. Chapter 151B § 9.

g.  Awarding Plaintiff the costs of this action together with reasonable attorneys' fees and

expert witness fees, as provided by Massachusetts Fair Employment Practices Act,

M.G.L.A. Chapter 151B § 9, and the ADEA;

h.  Granting such other and further relief as this Court deems necessary and proper.


## JURY DEMAND

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CAUSES OF ACTION


Respectfully submitted,
By Plaintiff's Attorney,

Richard J. Savage, BBO # 632124
SAVAGE & SAVAGE
156 Airport Rd.
Warwick, RI 02889
Phone: 401-732-9500
Fax: 401-732-0166
Dated: _3. 3 - 201 l_

6

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET # **SUCV2011-00890-A**
Courtroom CtRm 304, 3 Pemberton Square, Boston

RE:  **Pell Jr v Capco Steel Corporation**
TO:

Richard J Savage, Esquire
156 Airport Road
Warwick, RI 02889

## SCHEDULING ORDER FOR  F  TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **12/28/2012**.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 06/07/2011 | 06/07/2011 | |
| Response to the complaint filed (also see MRCP 12) | | 07/07/2011 | |
| All motions under MRCP 12, 19, and 20 | 07/07/2011 | 08/06/2011 | 09/05/2011 |
| All motions under MRCP 15 | 07/07/2011 | 08/06/2011 | 09/05/2011 |
| All discovery requests and depositions served and non-expert depositions completed | 01/03/2012 | | |
| All motions under MRCP 56 | 02/02/2012 | 03/03/2012 | |
| Final pre-trial conference held and/or firm trial date set | | | 07/01/2012 |
| Case shall be resolved and judgment shall issue by **12/28/2012** | | | **12/28/2012** |

- The final pre-trial deadline is <u>not the scheduled date of the conference.</u>
- You will be notified of that date at a later time.
- Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

Dated: 03/14/2011

Telephone: 617-788-8107

Michael Joseph Donovan
Clerk of the Court