UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT G. PELL, JR., | : | |
|    Plaintiff, | : | |
| | : | |
| vs. | : | C.A. No. 11-10837 |
| | : | |
| CAPCO STEEL CORPORATION, | : | |
|    Defendant. | : | |

**ANSWER OF DEFENDANT, CAPCO STEEL, LLC, f/k/a ZAKIA MANAGEMENT COMPANY, LLC, AS SURVIVING ENTITY OF MERGER INVOLVING CAPCO STEEL CORP.**

*NATURE OF CASE*

1.      The Complaint speaks for itself and, therefore, Defendant leaves Plaintiff to his proof.

2.      The Complaint speaks for itself and, therefore, Defendant leaves Plaintiff to his proof.

*JURISDICTION and VENUE*

3.      Defendant denies that the Massachusetts Superior Court for Suffolk County maintains jurisdiction over Plaintiff's state law claims due to Plaintiff's removal of this action to this Court pursuant to 28 U.S.C. § 1441.  Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Defendant denies that the Massachusetts Superior Court for Suffolk County maintains jurisdiction over Plaintiff's federal claims due to Plaintiff's removal of this action to this Court pursuant to 28 U.S.C. § 1441.  Defendant admits that this Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

5. Defendant denies all allegations of wrongdoing and specifically denies that it engaged it any unlawful employment practices. Defendant admits that venue is proper in this Court.

*PARTIES*

6. Defendant denies all allegations of wrongdoing and specifically denies that it engaged in any illegal employment practices. The last sentence of this paragraph asserts a legal conclusion for which no response is required. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and, therefore, leaves Plaintiff to his proof.

7. Defendant denies that it is a Rhode Island corporation or a private corporation, but admits that Capco Steel, LLC, f/k/a Zakia Management Company, LLC, as surviving entity of merger involving Capco Steel Corp., is a Rhode Island limited liability company authorized to conduct business in Massachusetts. The last sentence of this paragraph asserts a legal conclusion for which no response is required. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and, therefore, leaves Plaintiff to his proof.

*EXHAUSTION OF ADMINISTRATIVE REMEDIES*

8. Plaintiff's Charge of Discrimination speaks for itself and, therefore, Defendant leaves Plaintiff to his proof.

9. This paragraph asserts a legal conclusion for which no response is required.

10. The Right to Sue Notice speaks for itself. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and, therefore, leaves Plaintiff to his proof.

## *ALLEGATIONS COMMON TO ALL CAUSES OF ACTION*

11. Defendant is without sufficient information or knowledge to admit or deny the allegations in this paragraph and, therefore, leaves Plaintiff to his proof.

12. Defendant admits that Plaintiff was employed by Defendant for one or more periods of time between 2000 and 2010. Defendant admits that Plaintiff was laid off by Defendant on January 25, 2010. Defendant denies the remaining allegations in this paragraph.

13. Admitted.

14. Defendant admits that during Plaintiff's employment with Defendant, Plaintiff supervised other workers. Defendant is without sufficient information or knowledge to admit or deny the remaining allegations in this paragraph and, therefore, leaves Plaintiff to his proof

15. Admitted.

16. Defendant admits that on or about January 22, 2010, Plaintiff was contacted by Christopher Carey, the project manager for Defendant at the site to which Plaintiff was assigned. Defendant denies the remaining allegations in this paragraph.

17. Admitted.

18. Admitted.

19. Denied.

20. Defendant is without sufficient information or knowledge to admit or deny the allegations in this paragraph and, therefore, leaves Plaintiff to his proof. Defendant denies all allegations of wrongdoing.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

## FIRST AND SECOND CAUSES OF ACTION
Massachusetts General Laws Chapter 151B, and ADEA

27. Paragraphs 1-26 are incorporated herein by reference as if set forth in their entirety.

28. Denied.

29. Denied.

**WHEREFORE,** Defendant demands in its favor and against Plaintiff:

(a) dismissing all of Plaintiff's claims with prejudice;

(b) awarding Defendant its reasonable attorneys' fees and costs in defending against this action, and

(c) awarding Defendant such other relief as this Court deems just and proper.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's request for declaratory and injunctive relief must be denied as Plaintiff has an adequate remedy at law and cannot establish irreparable harm.

### THIRD AFFIRMATIVE DEFENSE

Defendant affirmatively believes that Plaintiff was not terminated but rather, laid off. Defendant affirmatively pleads that it had a legitimate non-discriminatory reason for any employment action taken with respect to Plaintiff and further pleads that any such action did not violate any state or federal employment practices and/or discrimination laws.

## FOURTH AFFIRMATIVE DEFENSE

Defendant affirmatively pleads that Plaintiff fails to state a claim upon which punitive damages may be granted.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages, if any.

**DEFENDANT DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE. DEFENDANT HEREBY DESIGNATES STEPHEN J. BROUILLARD, ESQ. AS TRIAL COUNSEL.**

DEFENDANT,
Capco Steel, LLC, f/k/a Zakia Management Company, LLC, as surviving entity of merger involving Capco Steel Corp.,
By its Attorneys,


/s/ Stephen J. Brouillard
Stephen J. Brouillard, Esq. # 649447
Orson and Brusini Ltd.
325 Angell Street
Providence, RI 02906
Tel.: (401) 223-2100
Fax: (401) 861-3103
Email: sbrouillard@orsonandbrusini.com

## CERTIFICATE OF SERVICE

I hereby certify that this document (s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 18, 2011.

/s/ Stephen J. Brouillard